JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:17-cv-3224

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CAROL COCO

**DEFENDANTS**

WAL-MART STORES, INC         17    3224

**(b)** County of Residence of First Listed Plaintiff    MONROE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    NORTHAMPTON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Koller, Esq., Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**           **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane      ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | ☐ 690 Other |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability      ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander       Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability      ☐ 368 Asbestos Personal |  | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine        Injury Product |  |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product        Liability |  | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle      ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal        Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury      ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  | ☐ 362 Personal Injury -        Product Liability | ☐ 751 Family and Medical |  | ☐ 893 Environmental Matters |
|  |     Medical Malpractice |     Leave Act |  | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting      ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment     ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/        Sentence |  |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General |  |  | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** |  |     State Statutes |
|  |     Employment    **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |  |
|  |     Other      ☐ 550 Civil Rights |     Actions |  |  |
|  | ☐ 448 Education     ☐ 555 Prison Condition |  |  |  |
|  |       ☐ 560 Civil Detainee - |  |  |  |
|  |         Conditions of |  |  |  |
|  |         Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, ADA, ADEA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

JUL 19 2017

DATE
07/19/2017

SIGNATURE OF ATTORNEY OF RECORD
*David M. Koller*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT    **17    3224**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2751 Rising Hill Dr, Saylorsburg, PA 18353

Address of Defendant: 3722 Nazoreth Rd, Easton, PA 18045 & 702 S. W 8th St Bentonvitle AR 72716

Place of Accident, Incident or Transaction: 3722 Nazareth Road, Easton, PA 18045
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☐

Does this case involve multidistrict litigation possibilities?    Yes☐ No☐
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David M. Koller , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/19/17 _____ David M. Koller _____ 90119
Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/19/17 _____ David M. Koller _____ 90119
Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM



Carol Coco                    :                    CIVIL ACTION

v.                            :

Wal-Mart Stores, Inc          :          NO. **17     3224**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.

_7/19/17_          _David M. Koller_  CS   _Plaintiff_
**Date**                **Attorney-at-law**              **Attorney for**

_215-545-8917_     _215-575-0826_     _davidK@Kollerlawfirm.com_

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

KOLLER LAW, LLC
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826

*Attorney for Plaintiff*
Carol Coco

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL COCO** | : |
| 2751 Rising Hill Drive | :    **Civil Action No.** |
| Saylorsburg, PA 18353 | : |
|       **Plaintiff,** | :      17    3224 |
|            **v.** | : |
| | : |
| **WAL-MART STORES, INC.** | : |
| Northampton Crossings | :    **COMPLAINT AND JURY** |
| 3722 Nazareth Road | : |
| Easton, PA 18045 | :    **DEMAND** |
| | : |
| 702 S.W. 8th Street | : |
| Bentonville, AR 72716 | : |
|       **Defendants.** | : |
| | : |

## CIVIL ACTION COMPLAINT

Plaintiff, Carol Coco (hereinafter "Plaintiff), by and through undersigned counsel, hereby files this complaint against Defendant Walmart Stores, Inc. (hereinafter "Defendant") alleging that her rights pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.("FMLA"), Americans With Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA") have been violated and avers:

## PARTIES

1. Plaintiff, Carol Coco, is a resident of Saylorsburg, Pennsylvania, residing at 2751 Rising Hill Drive, Saylorsburg, Pennsylvania, 18353.

2. At all times relevant to this matter Plaintiff was an "Eligible Employee" as defined by the FMLA. See 29 U.S.C. § 2611 (2).

3. Plaintiff initiated this action to recover damages under the FMLA, ADA, ADEA, and PHRA.

4. Defendant Walmart, Inc., ("Defendant) is a retail chain with its Executive Offices located at 702 S.W. 8th Street, Bentonville, AR 72716.

5. Defendant is an "Employer" as defined by the FMLA. See U.S.C. § 2611 (4), ADA, ADEA, And PHRA.

6. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

9.  The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

15. On or around July 24, 2016, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number of 530-2016-04007 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

17. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, dated April 17, 2017.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

19. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

### PLAINTIFF'S WORK EXPERIENCE WITH DEFENDANT

20. Plaintiff is a 54 year old female with a disability.

21. Defendant hired Plaintiff in 2006, in the position of Cashier.

22. The incidents complained of herein occurred at Defendant's store located at Northampton Crossings, with an address of 3722 Nazareth Eason Highway in Easton, Pennsylvania 18045.

23. Over the course of Plaintiff's employment with Defendant, Plaintiff held various positions.

24. In or around 2011, Plaintiff became a Customer Service Representative.

### PLAINTIFF HAD QUALIFYING DISABILITIES UNDER THE ADA

25. Plaintiff has the disabilities of Type II Diabetes and Gastroesophageal reflux disease.

26. Plaintiff was diagnosed with the Type II Diabetes in 2005 and Gastroesophageal reflux disease in January 2016.

27. The symptoms Plaintiff experiences from Type II Diabetes are myopathy in her feet, and high cholesterol, and it requires Plaintiff to carefully monitor her blood sugar.

28. The symptoms Plaintiff experiences from Gastroesophageal reflux disease are heartburn, indigestion, nausea and vomiting.

29. When Plaintiff first became employed by Defendant and when she was first diagnosed, Plaintiff notified Defendant of these disabilities.

30. On December 5, 2015 to December 14, 2015, Plaintiff needed to take a medical leave of absence because of her disabilities.

31. Approximately two (2) weeks after Plaintiff returned from the aforementioned medical leave of absence, her managers, Assistant Manager Justin LNU (20's) and Assistant Manager Pam LNU (early 30's), reduced her hours from around 40 hours per week to 16 to 24 hours per week.

## THE INCIDENT WHICH RESULTED IN PLAINTIFF'S TERMINATION

32. On March 4, 2016, Plaintiff made a $6,000 and $9,000 MoneyGram transaction for a customer.

33. Plaintiff counted the money correctly twice for each transaction and Plaintiff's coworker, Tama LNU, witnessed Plaintiff do it.

34. On March 6, 2016, Assistant Manager Justin LNU and Assistant Manager Pam LNU brought Plaintiff into their office after Plaintiff's shift.

35. Justin told Plaintiff that the $9,000 MoneyGram transaction Plainitff did on March 4, 2016, was $2,000 short and was terminating me for it.

36. When Plaintiff asked Justin to provide her with evidence that the MoneyGram transaction was $2,000 short, he responded that Plaintiff looked confused counting the money, but did not provide her any evidence.

37. Justin then told Plaintiff that in order to print her termination letter, he needed Plaintiff's electronic signature.

38. However, when Plaintiff provided the information required for her signature, it was transcribed onto her termination letter to acknowledge that the MoneyGram transaction was $2,000 short.

39. The MoneyGram transaction was not $2,000 short, nor did Plaintiff ever knowingly acknowledge same, in writing or verbally.

40. Defendant claimed that Plaintiff looked confused during the transaction, as seen on a videotape of the transaction.

41. Plaintiff demanded to see the tape, but Defendant denied her access to the video footage.

42. Defendant told Plaintiff that he needed Plaintiff to provide her digital passcode so that he could print the termination letter for her to review.

43. Plaintiff provided her digital passcode which resulted in her unknowingly electronically signing her termination letter and acknowledging that the MoneyGram transaction was $2000 short.

44. Upon information and belief, Defendant terminated three (3) older coworkers, Lourdas LNU (50's), Chris LNU (60's), and another cashier (50's), around the same time that Plaintiff was terminated.

45. Others outside of my protected class, Ashly LNU (20's) and Same LNU (20's), were treated more favorably than Plaintiff. Defendant assigned them the hours that they cut

from Plaintiff.

46. Based upon the foregoing, Plaintiff believes and therefore avers that she was discriminated against due to her Type II Diabetes and Gastroesophageal reflux disease disabilities in violation of the ADA and her age in violation of the ADEA, and in retaliation for requesting leave and exercising her rights under the FMLA.

### COUNT I – FMLA VIOLATION - INTERFERENCE

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff gave Defendant proper notice of a qualifying serious health condition under the FMLA.

49. Plaintiff was entitled to benefits under the FMLA.

50. Plaintiff attempted to exercise her FMLA rights.

51. Defendant illegitimately prevented Plaintiff from obtaining those benefits.

52. Defendant's conduct was willful.

53. As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff, Carol Coco, requests that the Court grant her the relief against Defendant, Wal-Mart Stores, Inc., set forth in the Prayer for Relief clause, *infra*.

### COUNT II – FMLA VIOLATION – RETALIATION

54. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

55. Plaintiff gave Defendant proper notice of a qualifying serious health condition under the FMLA.

56. Plaintiff was entitled to benefits under the FMLA.

57. Plaintiff attempted to exercise her FMLA rights.

58. Defendant terminated Plaintiff and that termination was related to Plaintiff's attempt to exercise her FMLA rights.

59. By terminating Plaintiff, Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

60. Defendant's conduct was willful.

61. As a result of Defendant's conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks all damages available to her under the Family and Medical Leave Act for the aforementioned violations, including but not limited to all wage loss, economic harm, liquidated damages, and attorney's fees and costs related to this litigation.

## COUNT III – ADA DISCRIMINATION DISPARATE TREATMENT

62. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

62. Plaintiff is disabled under the ADA.

63. Plaintiff has physical impairments that substantially limit major life activities.

64. Plaintiff is a qualified individual.

65. Plaintiff was subject to an adverse employment action – termination.

66. Circumstances indicate that Plaintiff's disabilities was the reason for the adverse employment action.

67. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

68. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

69. The purported reason for Defendant's decision is pretextual.

70. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

**WHEREFORE**, Plaintiff seeks all damages available to her under the ADA for the aforementioned violations, including but not limited to all wage loss, economic harm, liquidated damages, and attorney's fees and costs related to this litigation.

## COUNT IV – PHRA DISABILITY DISCRIMIANTION – DISPARATE TREATMENT

71. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

72. Plaintiff is disabled under the PHRA.

73. Plaintiff has physical impairments that substantially limit major life activities.

74. Plaintiff is a qualified individual.

75. Plaintiff was subject to an adverse employment action – termination.

76. Circumstances indicate that Plaintiff's disabilities was the reason for the adverse employment action.

77. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

78. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

79. The purported reason for Defendant's decision is pretextual.

80. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

**WHEREFORE**, Plaintiff seeks all damages available to her under the PHRA for the aforementioned violations, including but not limited to all wage loss, economic harm, liquidated damages, and attorney's fees and costs related to this litigation.

## COUNT V- ADEA DISCRIMINATION

81. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

82. Plaintiff is a member of a protected class in that she was above the age of 40 at all times relevant to the allegations contained in this complaint.

83. Plaintiff suffered an adverse employment action when Defendant terminated her.

84. There was no legitimate non-discriminatory reason for Plaintiff's termination.

85. The asserted reason by Defendant for its decision to terminate Plaintiff is pretextual.

86. Similarly situated employees younger than Plaintiff were treated more favorably by Defendant than Plaintiff was treated.

**WHEREFORE**, Plaintiff seeks all damages available to her under the ADEA for the aforementioned violations, including but not limited to all wage loss, economic harm, liquidated damages, and attorney's fees and costs related to this litigation.

## COUNT VI - PHRA AGE DISCRIMINATION

87. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

88. Plaintiff is a member of a protected class in that she was above the age of 40 at all times relevant to the allegations contained in this complaint.

89. Plaintiff suffered an adverse employment action when Defendant terminated her.

90. There was no legitimate non discriminatory reason for Plaintiff's termination.

91. The asserted reason by Defendant for its decision to terminate Plaintiff is pretextual.

92. Similarly situated employees younger than Plaintiff were treated more favorably by Defendant than Plaintiff was treated.

**WHEREFORE**, Plaintiff seeks all damages available to her under the PHRA for the aforementioned violations, including but not limited to all wage loss, economic harm, liquidated damages, and attorney's fees and costs related to this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Carol Coco, requests that the Court grant her the following relief against Defendant:

(a)  Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)  Compensatory damages;

(c)  Punitive damages;

(d)  Liquidated damages;

(e)  Emotional pain and suffering;

(f)  Reasonable attorneys' fees;

(g)  Recoverable costs;

(h)  Pre and post judgment interest;

(i)  An allowance to compensate for negative tax consequences;

(j)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of FMLA, ADA, ADEA and the PHRA.

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time any other action or arbitration proceeding contemplated.

Respectfully Submitted,
**KOLLER LAW, LLC**

July 19, 2017                    **By:**    **DAVID KOLLER**
David M. Koller, Esquire
Attorney ID No. 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
*Counsel for Plaintiff*